IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| TRICIA HIMEBAUGH )( | |
|     Plaintiff )( | |
| )( | |
| vs. )( | Civil Action No. |
| )( | |
| GALVESTON COLLEGE FOUNDATION )( | |
| D/B/A GALVESTON COLLEGE )( | |
|     Defendant )( | |

## COMPLAINT

To the Honorable Court:

Comes Now, Tricia Himebaugh, hereinafter "Plaintiff" complaining of Galveston College Foundation D/B/A Galveston College, hereinafter "Defendant," and for cause of action would show as follows:

### I.
### Parties

1. Plaintiff, Tricia Himebaugh, is a female citizen of the United States and a resident of Galveston County, Texas, in the Southern District of Texas. She was employed by the Defendant at all times relevant to the allegations set forth in this Complaint.

2. Defendant is a domestic non-profit corporation organized under the laws of the State of Texas and doing business in the State of Texas in the Southern District of Texas, including its principal place of business in Galveston County, Texas.

### II.
### Jurisdiction

3. Plaintiff invokes this Court's jurisdiction pursuant to 42 U.S.C. 2000e-5 and 28 U.S.C. Sec. 1331. The alleged wrongs and injuries occurred in Galveston County, Texas.

4. Pursuant to 28 U.S.C. § 1331, jurisdiction of this matter is appropriate in the United States District Court for the Southern District of Texas, as this action involves a question of the application of federal law.

5. Venue is appropriate in the United States District Court for the Southern District of Texas, Galveston Division, in that the corporate defendant has significant contacts with the district, the plaintiff resides within this district, and the events that gave rise to this cause of action occurred in this district.

6. Pursuant to 28 U.S.C. Section 1343(4). 2. The unlawful employment practices alleged below were committed within the Galveston Division of the Southern District of the State of Texas.

### III.
### Service

7. Defendant may be served with process through is registered agent for service of process, Maria S. Tripovich, at 4015 AVENUE Q, Galveston, TX 77550.

### IV.
### Claim for Relief Short Statement

8. Defendant discriminated against Plaintiff on the basis of her female sex, disability and religion, violated her FMLA right to keep her job and retaliated against her and her job was terminated for exercising her FMLA rights. Defendant also mischaracterized Plaintiff as an exempt employee and failed to pay her overtime and not given comp time for working more than her "allot time." She was required to use sick time when working from home and Defendant failed to reimburse her for proper and authorized expenses. Plaintiff seeks an award of compensatory and punitive damages.

### V.

**Administration Procedures**

9. All conditions precedent to the filing of this action have been met by Plaintiff in that she has filed a timely complaint with the Equal Employment Opportunity Commission and has filed this action within 90 days of receiving a right-to-sue letter from the Commission. Plaintiff filed a charge of employment discrimination against the defendant with the District Office of the Equal Employment Opportunity Commission ("EEOC") on November 28, 2023. The EEOC Charge Number is 460-2023-06116. Plaintiff received a "Notice of Right to Sue" concerning both charges by letter from the district office of the EEOC dated March 27, 2024 entitling her to institute a civil action with respect to the November 28, 2023 charge within 90 days of the date of the receipt of said notice.

## VI.
## Sexual Discrimination

10: On or about June 7, 2022, Plaintiff was hired by Galveston College as a Digital Communication and Web Service Manager. In May of 2022, Plaintiff had applied for a vacant Directors position but Defendant denied her the opportunity to be interviewed or considered for the position.

11: During Plaintiff's employment with Defendant, Defendant granted more favorable treatment regarding professional recognition and promotions based on employees' sex.

10. As an example, on January 26, 2023, the Employer asked Plaintiff to attend the Legislative Reception for Community College Day. While at the reception, Dr. Myles Shelton, the President of Galveston College was making introductions to the President of another college and others at a dining table. He introduced (a) Edgar Salas as the "Marketing Director" and (b) Plaintiff *verbatim* in a belittling manner as "Trish with a fancy title."

11. As a further example of Defendant's discriminatory sexual favoritism, Plaintiff and other female employees were not given stipends for using their own laptops and cell phones for work but male employers were given such stipends.

11. Defendant gave male employees far more professional recognition and promotions to male employees than it did to equally qualified and hard-working female employees such as Plaintiff.

12. Defendant's Director of Marketing and Communication, Edgar Chrnko, has shown and tolerated sex discrimination since the day he started at Galveston College. At Defendant's employee holiday party he allowed and disregarded discriminatory language and jokes.

13. Defendant's Marketing Director Edgar Salas hired a comedian to entertain at Defendant's Christmas party who made sexist jokes.

14. Defendant's customary practice of sex discrimination and retaliation is rampant because the majority of its administrative employees are single mothers with few other local job opportunities in the same city.

## VII.
## Disability Discrimination

15. This is an action to redress Defendant's discrimination against Plaintiff because of her disability (hypertension and other stress conditions), in violation of Title I of the American with Disabilities Act of 1990, 42 U.S.C. Section 12101 *et seq.* (hereinafter "ADA"). Plaintiff was prevented by Defendant from using accommodations that she arranged for, that allowed her to adequately perform all of the essential functions of her job; and was discharged by Defendant in 2023, because it refused to consider reasonable accommodations for Plaintiff.

16. Plaintiff seeks reinstatement to her position with full back pay and fringe benefits, as well as compensatory damages for humiliation and pain and suffering. She also seeks punitive damages

for the wanton and intentional violation of her rights by Defendant. Defendant discriminated against Plaintiff based on her disability by not granting her request for reasonable accommodations.

17. Jurisdiction is conferred on this Court by 28 U.S.C. Section 1331 and 42 U.S.C. Sections 2000e-5 (f)(1) and 12117. The request by Plaintiff for declaratory and injunctive relief is authorized by 28 U.S.C Sections 2201 and 2202.

18. Plaintiff is an individual with a disability. During her employment with Defendant, Plaintiff developed severe hypertension and other severe stress conditions. In 2023, Plaintiff had a hypertension crisis and was forced to apply for FMLA leave. Defendant terminated Plaintiff's FMLA leave prematurely and her employment because she attended her son's graduation.

19. Plaintiff's treating physician ordered her to not return to work and later to work only from home to avoid the work stress that was exacerbating her hypertension. Defendant refused this request although she had been fully performing her same job responsibilities remotely during the pandemic.

20. Defendant discriminated against Plaintiff by forcing her to use sick time for Covid-19 when other employees were not required to use personal sick time. Shortly afterwards, other were not required to use their sick time.

21. On June 26, 2023, Dr. Mary Jan Lantz, , Ed.D. Defendant's Director of Human Resources and Risk Management Title IX Coordinator, emailed Plaintiff on behalf of Defendant:

> Your doctor has noted that you are unable to attend in-person meetings. Since your office is behind a locked door environment, with limited access to the public, we can accommodate this request by allowing you to work in your office, with your door closed. You may attend meetings, and trainings, via zoom or teams as well as accomplish all your website duties.

Your doctor has also noted you need to avoid social media creation at events. A large portion of your job duties include social media and in-person events. Please note your job description does state,

"Manage pre-production, production, and post-production for a variety of multimedia projects, including live video streaming, virtual tours, edits, for social media, website, presentations and events" and "Requires the kind of teamwork, supervision, and personal interaction, that cannot be had in a home office situation; there-
fore, regular and predictable on-site attendance is a job requirement." Please explain the reasonable accommodation you are requesting that would allow you to accomplish this essential functions of your job."

Plaintiff's June 27, 2023 response to Dr. Lantz stated:

Thank you for your consideration to my ADA request based on my doctor's recommendation and my current health situation. I am trying to comply with my doctor's recommendation to get better, not worsen my condition. She has laid out all the actions and precautions necessary regarding my health condition to ensure I return to work healthy. Unfortunately, your suggested solution is not a reasonable accommodation for me at this time nor in accordance with my doctor's recommendations as of June 22, 2023.

On June 28, 2023, Plaintiff received the following email response

from Dr. Lantz:

Good Afternoon Trish, You reported to your supervisor on Monday 5/22/2023 that you were attending your son's graduation. On Monday 5/29/2023 you reported to your supervisor that your son was in swoop camp in Tyler and you were driving up there for parents' weekend. On Monday 6/5/2023 you reported that you were with your son in Tyler for orientation week and parents day. However, your doctor has stated that you need to avoid social events. Since you have disclosed that you have been successfully attending social events while you are on leave for your medical condition, our accommodation for you to work in your office behind a locked door environment, with limited access to the public, and attending meetings, and trainings, via zoom or teams as well as accomplish all your website duties is a reasonable accommodation. You have not accepted our offer of this reasonable accommodation. As stated below, a large portion of your job duties includes social media and in-person events which you have been able to do outside of work. We do want to offer reasonable accommodations for you; however, it is unclear what accommodation we could offer that would allow to perform your job duties. Per 28 C.F.R. §35.130(b)(7) a public entity is not required to offer

6

accommodations that would alter an approved job description. Per the ADA if an employee is unable to perform their job duties, with reasonable accommodations, they are no longer qualified for their position. You have been off work for over 13 weeks now and a return to work date of August 22nd is not reasonable. Please provide a reasonable return to work date by 6/29/23. If you are stating you can no longer perform your job duties, with reasonable accommodations, and are not providing the College with a reasonable return-to-work date then the College reserves the right to terminate your employment.

On **June 29**, 2023, Plaintiff received the following email from Dr. Lantz:

I was really hoping to hear from you today. Please understand, since your FMLA has ended last week you are no longer on an approved leave from the College. Per College policy: **Unexcused Absences** *Except in an emergency, an unexcused absence occurs when an employee fails to notify the supervisor of an absence prior to the scheduled starting time, and/ or permission is not granted by the supervisor. Excessive unexcused absences may result in disciplinary action. Failure to provide notification of absence from work for three (3) work days, except in an emergency, shall be considered a voluntary termination of employment.* If we haven't heard back from you by 6pm July 6th we will consider that you have voluntarily terminated your employment with the College.

**On July 17**, 2023, Plaintiff received the following email from Dr. Lantz

Trish, I extended the timeline and waited three weeks for your response in sincere hopes you would contact me so we could find an accommodation that would be acceptable to your doctor. If you no longer want to continue the inter-active process please let me know. Joyce has also sent you notices about your insurance premium payments that are past due for June and due for July. Since you have ceased all communications with us I can only assume you are resigning from your position. Please contact me by July 20, and please understand this is the last extension I can give.

**On July 20**, 2023, Plaintiff received the following email from

Dr. Lantz:

Joyce told me you have been responding about your insurance payments through your personal email address. So I wanted to make sure you

7

received a copy of my email below. On Monday we will process your resignation unless you let me know different.

Thank you, and I truly do wish you all the very best.

**On July 20**, 2023, Plaintiff's response to Dr. Mary Jan Lantz was: Dr. Lantz, thank you for your email. After my request for a reasonable ADA accommodation the response I read and understood that you were only offering a resolution for me to come in and work from my office. When I requested FMLA on March 28, 2023, I expressed my situation to why I needed time off to Dr. Shelton, which was approved and I stated I was going to spend time with my only child since he was going to college. And it was approved by Dr. Shelton, at that time my Dr. recommended that I spend time with my loved ones to get the healing I needed. As well as deal with the pain from losing my father and mother within the past few years and I didn't have the opportunity to take the time necessary due to Carol quitting and Dr. Patterson calling me back to the office days after I laid my mother to rest. Then when I returned I had an abundant amount of pressure to complete the web site and pick up the slack and workload that was required for not having a Director and working on the website all by myself along with all my other responsibilities. On June 22, 2023 is when I saw my Dr. because you stated my FMLA had expired and due to my husband being admitted to the hospital on June 21, 2023 was an emergency and when he was released he needed continued treatment and care. Which has caused additional emotional stressors due to my already chronic stress and emotional distress emotionally which was expressed to my supervisor. Therefore my doctor modified my return back to work to an additional two months but from home to work on all the website edits that had been piling up since the day I left on March 28, 2023. Which by my understanding my ADA accommodation request was denied without additional interactive process because it was not stated in the email. Which was hard to understand because I have done my very best at Galveston College for the entire 5 years of my employment.

. . .

With my current situation I was not able to handle more stress by the unreasonable demand of my only option of returning immediately to work from my office when I have worked from home on multiple occasions while sick and claiming sick leave per my supervisor's request and all throughout covid with-out any issues or decline in my work. My therapist stated that the health of my husband was a stress trigger for me and it was. I couldn't leave him with his current emergency situation because I am his only caregiver. This is why my Dr stated that my condition has not fully improved and re-quired me to take it easy and start off slowly and not go to social events be-cause it would cause additional stress. Therefore, if you only gave me one option and did not express to me that

this was still an interactive process how was I supposed to assume that? Therefore, why would I continue to check my work email, you had my phone number and personal email if you had more information to share with me and Joyce stating I would be receiving Cobra information from the state which indicates termination. I am still having headaches and other health issues but am willing to work from home until shortly after the Fall semester begins and hope to be fully back to normal mentally and emotionally and physically for years to come. Sincerely, Tricia Himebaugh

**July 24** - Dr. Mary Jan Lantz response was: Trish, I emailed you on June 26th regarding your request for an ADA accommodation. Galveston College continues to be involved in the interactive process, but you have failed to timely engage or respond to my emails. I followed up with you on June 29th, July 17th and July 20th. You finally responded on July 20th, but you have failed to explain how the reasonable accommodation will allow you to accomplish your essential job functions. Galveston College is willing to continue the interactive process on your request for a reasonable accommodation.

In reading your doctor's answers on the Essential Job Functions Check-list & Accommodations, it appears your doctor is saying that you cannot attend in-person trainings or meetings, but you are able to attend remote meetings. The basis of the accommodation appears you cannot meet with other people in-person because of your disability. We offered a reasonable accommodation to allow you to avoid in-person meetings by attending remote meetings from your secluded office with a closed door. Please explain how this is not a reasonable accommodation. Your email states that you are unable to return to work because you are your husband's only caregiver. You have not made a request for FMLA leave to care for your husband. Furthermore, your FMLA time is exhausted. You are not eligible for more FMLA time until March 28, 2024. Your needs to provide caregiving to your husband cannot be a basis for your continued absences or a request to work from home. Your doctor has noted you need to avoid social media creation at events. A large portion of your job duties include social media and in-person events. Please note your job description does state, "Manage pre-production, production, and post-production for a variety of multimedia projects, including live video streaming, virtual tours, edits, for social media, website, presentations and events" and "Requires the kind of teamwork, supervision, and personal interaction, that cannot be had in a home office situation; therefore, regular and predictable on-site attendance is a job requirement." Again, I ask that you please explain the rea-sonable accommodation you are requesting that would allow you to acaccomplish this essential functions of your job. Please respond by Wednesday, July 26th at 5pm. If we do not reach a resolution of the interactive process by Friday, July 28th, Galveston College will consider you to be voluntarily resigned from your employment. Thank you, Mary Jan Lantz, Ed.D.

**July 25** – Plaintiff's response to Dr. Lantz was : Thank you for your email. Based on the paperwork I received yesterday from the state it stated I was

terminated and Cobra began as of July 1, 2023. Therefore, I will continue to comply with my physician's advice regarding my medical care.

**July 25** - Dr. Lantz's response was : Good Morning Trish, Your health insurance was terminated by the State for non-payment. *You are still employed by the College.* Are you saying you on longer wanting to continue the interactive process with us? Please let me know. (emphasis added).

**July 26** - Plaintiff's response to Dr. Lantz was: Does this mean I can start working from home on Monday morning?

**July 26** - Dr. Lantz's response was : Good Morning Trish, We offered a reasonable accommodation to allow you to avoid in-person meetings by attending remote meetings from your secluded office with a closed door. Since your job description states, "Requires the kind of teamwork, supervision, and personal interaction, that cannot be had in a home office situation" working from home would not allow you to "Manage pre-production, production, and post-produc-tion for a variety of multimedia projects, including live video streaming, virtual tours, edits, for social media, website, presentations and events" which is an essential function on your job description. Please explain the reasonable accommodation you are requesting that would allow you to accomplish this essential functions of your job since working from home would not.

**July 26** - Plaintiff's response to Dr. Mary Jan Lantz: Thank you for the information but since you will not comply with my doctor's recommendation nor has she given me a release to return back in person. I will not be returning. This is my official notice. Trish

**July 31** - Plaintiff received the following message: "Good morning, Trish. I'm sorry to hear that you will be leaving us. Dr. Lantz let me know that you decided to resign from GC.I totally understand your decision at this time is the best for you and your family. It was a pleasure working with you and I want to thank you for all the work you have done for the college. Please let me know when you would like to come by and pick up your personal items, and return your college equipment: laptop, keys and ID, as well as change any/all passwords or remove and update admins, etc. from social media and any other digital/online accounts you had access to or managed for the college. We will miss you and I wish you and your family all the best.

Regards,
Ed Chrnko Salas

**July 31** – Plaintiff's response to Ed Chrnko Salas: Ed, Due to GC not complying with my reasonable accommodation per my Dr request for ADA to work from home until August 22 pushed me out of work.

10

> I do not have any equipment to return, I have never had a laptop and Sandi has the iPad and the password which is the same as the cell phone. I have a cold and fever will send Kaz in to drop off my key and ID to Brenda. Please have my ear-buds, from my desk drawer and 5 year anniversary gift and personal photos and photo of Kaz ready by 12:30 today. I do not need anything else.
>
> Also, I do not have access to any social media accounts they were removed from my personal devices when I got the GC social media phone. Carol had full super admin and added me. Sandi can help you. All passwords are on the main document that I sent you when you started in the one drive.
>
> Thank you, Trish
>
> **July 31** - Ed Chrnko Salas's response to me: Trish, Thanks for your reply. I have your personal items ready whenever Kaz stops by. If I'm not available, I will leave them on the table next to Sandi's office with Kaz's name on it.
>
> Regards,
> Ed Chrnko Salas

22. September 7, 2023 - Plaintiff filed a formal complaint with the EEOC.

    VIII.

## VIOLATIONS ALLEGED

23. Defendant is liable for Failing to take corrective action for mistreatment of the plaintiff when such treatment occurred.

24.    On information and belief, Defendant followed and is following a policy and practice of discrimination against the plaintiff because of her disability in violation of 42 U.S.C. Section 2000e *et seq* and retaliation for exercising her rights under the FMLA. The discriminatory practices and policies include, but are not limited to the following:

25.    The effect of the policies and practices pursued by the defendant as alleged above has been and continues to limit, classify, and discriminate against the plaintiff in ways which

11

jeopardize her job and deprive her of employment opportunities and otherwise adversely affects her status as an employee because of her sex in violation of 42 U.S.C. Section 2000e et seq.

26. As a further result of defendant's above-stated actions, the plaintiff has been and is being deprived of income in the form of wages and prospective retirement benefits, social security and other benefits due to her as an employee solely because of her sex in a sum to be proven at trial.

27. Defendant's refusal to provide or allow reasonable accommodations to Plaintiff's disability such that she could continue to fulfill the essential functions of her job, its termination of her FMLA leave on such spurious and heartless grounds as attending her only child's graduation ceremony and its discharge of her because of her disability, constitutes discrimination in violation of the ADA and FMLA.

28. Defendant's refusal to allow Plaintiff to utilize accommodations to her disability that she provided at her expense, its refusal to meaningfully explore reasonable accommodations for her disability, its placing of her on involuntary leave, its requirement that she could only return to work if she worked in her locked office, and Defendant's constructive discharge of Plaintiff constitutes gross, wanton, reckless, and/or intentional violations of her rights under the ADA and FMLA, entitling her to punitive damages.

29. Defendant has unlawfully discriminated against the plaintiff by failing to remedy discriminatory practices of its supervisory personnel; and otherwise discriminating and retaliating against Plaintiff on the basis of her disability and her exercise of her FMLA rights.

30. Defendant has acted maliciously or with reckless indifference to Plaintiff's rights under the Civil Rights Act of 1964 as amended.

## VIII.
## Family and Medical Leave Act

31. The preceding allegations are incorporated by reference herein as if fully set forth. Pleading in the alternative and without waiving her right to not be discriminated against for her disability, in 2023, Plaintiff suffered from a serious health condition as defined by the Family and Medical Leave Act ("FMLA"). 29 USC Sec. 261(11). This condition included hypertension, anxiety attacks and other stress related conditions that satisfy the definition of serious health condition under the FMLA.

32. This serious health condition interfered with Plaintiff's ability to perform her duties and made it impossible for her to perform the function of her position with Defendant without reasonable accommodations which they refused to grant.

33. Plaintiff requested and was granted leave for approximately 13 weeks. Due to the nature of the condition, 30 days notice for the requested leave was not practicable.

34. Prior to requesting the leave, Plaintiff had no knowledge of her rights under the FMLA and has no knowledge of any such information being posted at her place of employment or provided to her in any employee handbook or other publication.

35. That, on information and belief, the Defendant has failed in its obligation under 29 C.F.R. Secs. 825.301 et seq to provide posted notices and other materials to its employees regarding their rights under the FMLA.

36. The Plaintiff's request for leave was initially granted and prematurely terminated by the Defendant based on pretextual reasons, i.e. attending her only son's graduation ceremony.

37. As a result of Plaintiff's absence from work for the purpose of seeking treatment for a serious medical condition, Plaintiff was constructively discharged from her employment by Defendant.

38.  As a result of her termination by Defendant, Plaintiff suffered significant financial loss and loss of benefits of her employment, including health insurance for herself and her family.

39.  These acts were a willful violation of the FMLA and entitle Plaintiff to recover damages as provided by 29 USC Sec. 2617.

40.  WHEREFORE, Plaintiff respectfully prays this Court to:

(a) Accept jurisdiction of this case.

(b) Grant Plaintiff a trial by jury on all issues so triable.

(c) Declare that Plaintiff has suffered acts of discrimination at the hands of Defendant based on her disability and sex.

(d) Order Defendant to make whole the Plaintiff by providing appropriate back pay and reimbursement for lost pension, social security and other benefits, including all fringe benefits to which she would have been entitled had her employment with Defendant not been interrupted. Alternatively, Plaintiff seeks recovery of liquidated damages in an amount equal to all lost wages, salary, employment benefits, and other compensation lost as a result of Defendant's wrongful conduct in the amount to be proven at trial. Such damages shall be in an amount in excess of $10,000, the exact amount to be determined at trial, plus prejudgment interest, in an amount to be shown at trial.

(e) Award Plaintiff compensatory damages for the humiliation, damage to her reputation, mental and emotional distress, and pain and suffering that she has experienced and endured as a result of the discriminatory actions of Defendant towards her. Such damages shall be in an amount in excess of $10,000, the exact amount to determined at trial.

(f) Grant Plaintiff punitive damages against Defendant. Such damages shall be in an amount in excess of$10,000, the exact amount to be determined at trial.

(g) Grant Plaintiff pre-judgment and post-judgment interest on all damages awarded, to the maximum extent allowed by law.

(h) Grant Plaintiff her reasonable costs and attorney's fees. Order defendant to pay plaintiff punitive and compensatory damages in an amount in excess of $100,000.

(i) Order the defendant to be taxed with the cost of this action, including expert witness fees and reasonable attorney's fees for the plaintiff;

(j) Retain jurisdiction over this action to assure compliance with the orders of this Court and with 42 U.S.C. Section 2000e, and require defendant to file such reports as the Court may deem necessary.

(k) Declare that Plaintiff is not an employee exempt form overtime under the Fair Labor Act and to order compensation for not complying with said overtime requirements.

(il) Try all issues of fact to a jury; and

(m) Grant such additional relief as to the Court may seem just and proper.

Respectfully submitting this 25th day of June, 2024.

**FINIS COWAN**
**ATTORNEY AT LAW**

BY: /$/ Finis Cowan
SBOT 04912100
One Greenway Plaza
Suite 100
Houston, Texas 77046
PH:     832. 341 4599
Fax:    713 561 3692
Email: Finis@finiscowan.com
E-Service: Service@TexasDebtDefense.com

15