Case 3:24-cv-00197   Document 23   Filed on 04/03/25 in TXSD   Page 1 of 15

United States District Court
Southern District of Texas

**ENTERED**
April 03, 2025
Nathan Ochsner, Clerk

# In the United States District Court for the Southern District of Texas

## Galveston Division

No. 3:24-cv-197

Tricia Himebaugh, *Plaintiff*,

v.

Galveston College, *Defendant*.

### MEMORANDUM OPINION AND ORDER

Jeffrey Vincent Brown, *United States District Judge*:

Galveston College has moved to dismiss Himebaugh's complaint. Dkt. 21. The court will grant the motion in part and deny it in part.

## I. Background

Tricia Himebaugh worked for Galveston College for five years, serving as Digital Communication and Web Service Manager from June 2022 until her resignation in July 2023. Dkt. 17 ¶¶ 10, 21 (July 20 email).[1] Himebaugh developed hypertension and other stress-related conditions that forced her

---

[1] Paragraph 21 contains a series of quoted emails and runs for six pages. For ease of reference, the court includes a parenthetical designating the email date. Any citation to paragraph 21 unaccompanied by date refers to the entire body of quoted emails.

to take 13 weeks of leave under the Family and Medical Leave Act ("FMLA"). *Id.* ¶¶ 18, 33.

At the end of her leave, Himebaugh requested a work-from-home accommodation to avoid stress. *Id.* ¶ 19. But she and the college could not agree on a reasonable accommodation that would both manage her stress and allow her to accomplish in-person essential job duties. *Id.* ¶ 21 (June 26–27 emails). Believing the college had stopped working toward an accommodation and had terminated her employment, Himebaugh stopped checking her work email and failed to respond to numerous emails from the college. *Id.* (June 28, 29 and July 17, 20 emails). The college contacted Himebaugh through her personal email, but the impasse remained and Himebaugh resigned. *Id.* (July 20–31 emails).

After filing a complaint with the Equal Employment Opportunity Commission ("EEOC"), Himebaugh received a right-to-sue letter and filed this lawsuit, asserting claims under Title VII, the Americans with Disabilities Act ("ADA"), and the FMLA. Dkts. 17 ¶¶ 8–14; 21 at 8. The college now moves to dismiss all claims with prejudice under Fed. R. Civ. P. 12(b)(1) and 12(b)(6). Dkt. 21. Himebaugh did not respond to the motion. *See* Dkt. 22; *see also* Dkt. 16 (responding to a previous motion to dismiss that she "stands on her live pleadings").

## II.  Legal Standard

### A. Rule 12(b)(1)

A court should grant a motion to dismiss for lack of subject-matter jurisdiction if the court "lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). "[T]he burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). Federal courts have jurisdiction over a claim between parties only if the plaintiff presents an actual case or controversy. U.S. Const. art. III, § 2, cl. 1; *Okpalobi v. Foster*, 244 F.3d 405, 425 (5th Cir. 2001) (en banc).

To test whether the party asserting jurisdiction has met its burden, a court may rely upon: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996). "When standing is challenged on the basis of the pleadings, [a court] must accept as true all material allegations of the complaint and construe the complaint in favor of the complaining party." *Ass'n of Am.*

*Physicians & Surgeons, Inc. v. Tex. Med. Bd.*, 627 F.3d 547, 550 (5th Cir. 2010) (cleaned up).

### B. Rule 12(b)(6)

To survive a motion to dismiss for failure to state a claim, a plaintiff must plead facts sufficient to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the pleaded facts allow the court to reasonably infer that the defendant is liable for the alleged conduct. *Id.* In reviewing the pleadings, a court accepts all well-pleaded facts as true, "construing all reasonable inferences in the complaint in the light most favorable to the plaintiff." *White v. U.S. Corr., L.L.C.*, 996 F.3d 302, 306–07 (5th Cir. 2021). But the court does not accept "conclusory allegations, unwarranted factual inferences, or legal conclusions" as true. *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005).

## III. Analysis

The college argues Himebaugh filed suit outside the 90-day period allowed following receipt of a right-to-sue letter, depriving the court of jurisdiction. Dkt. 21 at 10. The college also asserts the complaint lacks sufficient factual allegations entitling her to the relief she seeks. *Id.* at 10–11.

The court will address the jurisdictional argument before turning to the sufficiency of Himebaugh's statutory claims and requests for punitive damages and injunctive relief.

### A. Timeliness of Lawsuit

The college claims the court lacks jurisdiction because Himebaugh filed suit more than 90 days after receiving a right-to-sue letter. Dkt. 21 at 13. Complainants have 90 days to file a lawsuit "after receipt" of an EEOC right-to-sue letter. *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 379 (5th Cir. 2002) (beginning the period on the date of receipt). When the date of receipt is unknown, courts presume receipt within three days of the letter's date. *Jenkins v. City of San Antonio Fire Dep't*, 784 F.3d 263, 267 (5th Cir. 2015).

Himebaugh sued timely. Though the right-to-sue letter was "dated March 27, [2024]," she alleges no receipt date. Dkt. 17 ¶ 9. Applying the three-day presumption, Himebaugh received the letter on March 30, making the 90-day deadline to file her suit June 28. Because Himebaugh filed suit on June 26, her lawsuit is timely. Dkt. 1; *see Jenkins*, 784 F.3d at 267.

Accordingly, the court denies the college's motion to dismiss under Rule 12(b)(1).

**B. Statutory Claims**

The college argues the court should dismiss Himebaugh's statutory claims because: (1) under Title VII, Himebaugh fails to allege sex discrimination; (2) under the ADA, Himebaugh is not a qualified individual with a disability and failed to participate in the interactive process; and (3) under the FMLA, Himebaugh is not an eligible employee, has already exhausted her leave, and cannot make a stand-alone claim for inadequate FMLA notice.

**1. Title VII**

Himebaugh fails to allege that the college treats women in a discriminatory fashion.[2] Dkt. 17 ¶¶ 10–14. The court analyzes Title VII claims challenged under Rule 12(b)(6) under *Swierkiewicz v. Sorema*. *Olivarez v. T-mobile USA, Inc.*, 997 F.3d 595, 599 (5th Cir. 2021); *see Swierkiewicz v. Sorem N.A.*, 534 U.S. 506 (2002) (rejecting heightened pleading standard at

---

[2] Himebaugh asserts the college discriminated against her "on the basis of her female sex, disability and religion" but does not plead any factual allegations relating to religion. Dkt. 17 ¶ 8. Consequently, the court does not construe her complaint to include claims for religious discrimination.

She also never specifies whether she asserts claims under § 2000e-2(a)(1) for disparate treatment or (a)(2) for disparate impact. *See* Dkt. 17 ¶¶ 10–14; 42 U.S.C § 2000e-2(a). Based on her use of the phrase "favorable treatment" and the content of the allegations, the court construes her claim as arising under § 2000e-2(a)(1) for disparate treatment. *Id.* ¶ 11.

this juncture in employment-discrimination dispute). To state a claim for disparate treatment under Title VII, a plaintiff must allege "(1) an adverse employment action, (2) taken against a plaintiff *because of* her protected status." *Olivarez,* 997 F.3d at 600 (quotations and citation omitted).

Himebaugh does not allege any adverse employment actions related to her sex. The complaint mentions two instances of alleged "discriminatory sexual favoritism"—(1) the college president introducing a male employee with his official title but not using hers, and (2) male "employers" receiving laptop and cellphone stipends but not women—and a single incident when the college allegedly tolerated discriminatory languages and jokes. Dkt. 17 ¶¶ 10–14. But Himebaugh never alleges these instances adversely affected her employment.

Even construing the complaint to allege an effect on the "terms, conditions, or privileges" of Himebaugh's employment, the allegations remain insufficient. *See Hamilton v. Dallas Cnty.*, 79 F.4th 494, 502–03 (5th Cir. 2023) (en banc) (expanding adverse employment actions to include non-ultimate actions). Only "severe or pervasive" behavior affects employment this way. *Harris v. Forklift Sys.,* 510 U.S. 17, 21 (1993). Allegations of "[d]iscourtesy or rudeness, offhand comments and isolated incidents (unless extremely serious) will not amount to discriminatory changes in terms and

conditions of employment." *Indest v. Freeman Decorating, Inc.*, 164 F.3d 258, 264 (5th Cir. 1999) (quoting *Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998)) (quotations omitted). But Himebaugh's three instances of alleged sex-based discrimination amount only to discourteous, isolated incidents and do not rise to the level of adverse employment actions.

Himebaugh's allegation that the college discriminates by providing certain stipends based on sex also fails to meet the pleading burden.[3] *See* Dkt. 17 ¶ 11. Himebaugh describes those who receive the stipends as "employers" and those who do not as "employees," indicating they are not "similarly situated," a requirement for discrimination. *Id.*; *Olivarez*, 997 F.3d at 600.

Based on these allegations alone, Himebaugh does not plead an adverse employment action. As a result, the court finds that Himebaugh fails to state a claim for sex discrimination under Title VII.

---

[3] The court is not convinced by the college's argument that the stipend allegation more accurately describes an administrative action, not an adverse employment action. Dkt. 21 at 16. The cases the college cites rely on an outdated understanding of the "ultimate employment decision rule." *Compare Hamilton*, 79 F.4th at 499–503, *with Wojciechowski v. Nat'l Oilwell Varco, L.P.*, 763 F. Supp. 2d 832, 856 (S.D. Tex. 2011), *and Whitcomb v. First Am. Nationwide Docs.*, No. 04-CV-02138-PSF-BNB, 2006 WL 218016, at *7 (D. Colo. Jan. 27, 2006).

### 2. ADA

The college argues Himebaugh fails to state a claim under the ADA because she is not a "qualified individual" and did not participate in the "interactive process" required to reach a reasonable accommodation. Dkt. 21 at 17–21. The court will address each argument in turn.

The ADA charges employers to "mak[e] reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability." 42 U.S.C. § 12112(b)(5)(A). To state a failure-to-accommodate claim, Himebaugh must allege: "(1) [she] is a qualified individual with a disability; (2) the disability and its consequential limitations were known by the covered employer; and (3) the employer failed to make reasonable accommodations for such known limitations." *Feist v. La. Dep't of Just.*, 730 F.3d 450, 452 (5th Cir. 2013) (quotations and citation omitted). Himebaugh sufficiently states a failure-to-accommodate claim.

### a. Qualified Individual

Himebaugh alleges she is a qualified individual. A "qualified individual" is one who can "perform the essential functions of the employment position in spite of [a] disability" or with "reasonable accommodation." *Turco v. Hoechst Celanese Corp.*, 101 F.3d 1090, 1093 (5th Cir. 1996). Himebaugh alleges hypertension, a disability the EEOC includes

within the ADA's protection. Dkt. 17 ¶¶ 15, 18; *see* 29 C.F.R. pt. 1630 app. § 1630.2(j)(1)(vii) (2024) (including hypertension). Himebaugh also alleges her proposed accommodation is reasonable, the college's is not, and she has previously performed her position from home while sick. Dkt. 17 ¶¶ 15, 16, 21 (June 27, July 20 emails) (alleging the college's proposed accommodation disregarded her doctor's instructions, she has had previous success in this position working at home, and her request is temporary in nature). Moreover, because the pleadings show Himebaugh believed the college terminated her when it rejected her proposed accommodation, the court is not convinced the absences after her FMLA leave ended demonstrate an inability to perform her essential job functions. *See* Dkts. 17 ¶¶ 21 (July 20 email), 37; 21 at 19–20.

Construing all reasonable inferences in the light most favorable to Himebaugh, the court finds that Himebaugh has met her pleading burden to allege she is a qualified individual under the ADA.

### b. Interactive Process

ADA regulations require both the employer and employee to participate in an interactive process following a request for an accommodation. *Loulseged v. Akzo Nobel Inc.*, 178 F.3d 731, 735–36 (5th Cir. 1999) (citing 29 C.F.R. § 1630.2(o)(3)). If the employee fails to

participate in the interactive process, the employer has not committed an ADA violation. *Id.* at 736. Himebaugh pleads the college denied her request for an accommodation on June 28, ending the interactive process. Dkt. 17 ¶ 21 (stating in a July 20 email: "Which by my understanding my ADA accommodation request was denied without additional interactive process because it was not stated in the email."). This email sufficiently alleges she participated in the interactive process for as long as she understood it to be active.

Finding that Himebaugh has pleaded facts sufficient to allege she is a qualified individual and participated in the interactive process, the court concludes Himebaugh has stated a claim under the ADA. The college's motion as to this claim is denied.

### 3. FMLA

The college asserts Himebaugh has not alleged interference with her FMLA rights because she lacked FMLA eligibility and exhausted any leave allowed. Dkt. 21 at 21–22. Moreover, the college argues, without an interference claim, Himebaugh cannot make a stand-alone claim for failure to provide notice. *Id.* at 23. The court agrees with both. And, although the college never addresses the FMLA-retaliation claim, Dkt. 17 ¶¶ 8, 37, Himebaugh similarly fails to allege retaliation.

The FMLA prohibits employers subject to its provisions from interfering with or retaliating against an employee seeking leave under the statute. 29 U.S.C. § 2615. To state a prima facie case for FMLA interference, the plaintiff must allege: (1) the employee was eligible; (2) the employer was subject to FMLA requirements; (3) the employee was entitled to leave; (4) the employee provided proper notice of intention to take FMLA leave; and (5) the employer denied the entitled benefits. *DeVoss v. Sw. Airlines Co.*, 903 F.3d 487, 490 (5th Cir. 2018) (quotations and citation omitted). To state a prima facie case for retaliation under the FMLA, the plaintiff must allege: (1) engagement in a protected activity; (2) an adverse employment action; and (3) a causal link between the two. *Lindsley v. TRT Holdings, Inc.*, 984 F.3d 460, 469 (5th Cir. 2021) (quotations and citation omitted).

Himebaugh does not state a claim for interference. Dkt. 17 ¶¶ 31–39. The FMLA requires employment of 12 months before FMLA eligibility. 29 U.S.C. § 2611(2)(A)(i). Upon achieving eligibility, the employee is entitled 12-weeks leave. 29 U.S.C. § 2612(a)(1). Although Himebaugh pleads eligibility, Dkt. 17 ¶ 21 (July 20 email) (alleging "5 years of [her] employment" at the college), she also pleads that she took her entire leave, *id.* ¶ 33 ("[Himebaugh] requested and was granted leave for approximately 13

weeks."). Consequently, because Himebaugh received her benefit, she fails to state a claim for interference. *See DeVoss*, 903 F.3d at 490.

Himebaugh also fails to state a claim for inadequate notice. Dkt. 17 ¶¶ 34–35. Although Himebaugh alleges the college failed to provide notice, she never discusses the "prejudice [she] might have suffered from [the college's] lapse." *Ragsdale v. Wolverine World Wide, Inc.*, 535 U.S. 81, 88 (2002). That prejudice would constitute a violation of § 2615(a)(1) by "interfering with, restraining, or denying [her] exercise of FMLA rights." *Id.* at 89; *see* 29 U.S.C. § 2615(1)(a) (prohibiting interference). But without alleging prejudice arising from that violation, Himebaugh cannot obtain the relief she seeks under § 2617. Dkt. 17 ¶ 39; s*ee Ragsdale*, 535 U.S. at 89 ("[Section] 2617 provides no relief unless the employee has been prejudiced by the violation[.]"); 29 U.S.C. § 2617.

Finally, Himebaugh's claim for retaliation fails to include sufficient facts. The complaint contains only legal conclusions that the college "retaliated against her and her job was terminated for exercising her FMLA rights." Dkt. 17 ¶ 8. But neither the factual allegations nor the quoted emails support the conclusion that the college terminated her for taking FMLA leave. The complaint demonstrates the college never in fact terminated her, and any "constructive discharge" occurred because Himebaugh requested an

accommodation, not from taking FMLA leave. *Id.* ¶ 21. Accordingly, Himebaugh fails to state a claim for FMLA retaliation.

In sum, the court finds that Himebaugh fails to state for any violation under the FMLA. The college's motion as to these claims is granted.

### C. Punitive Damages

The college argues that Himebaugh cannot seek punitive damages because they are not recoverable from a government entity. Dkt. 21 at 24; *see City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981) (holding that municipalities are presumed immune from punitive damages). The court takes judicial notice of the college's status as a government entity. Fed. R. Evid. 201. Accordingly, the court dismisses Himebaugh's punitive damages claims against the college.

### D. Injunctive Relief

The college asserts that because Himebaugh is no longer employed by the college, she has no right to injunctive relief. Dkt. 21 at 24; *see Shafer v. Army & Air Force Exch. Serv.*, 376 F.3d 386, 398 (5th Cir. 2004) (explaining that plaintiffs alleging past statutory violations with no likelihood of recurrence lack standing for injunctive relief). Moreover, although Himebaugh mentions injunctive relief broadly alongside a request for declaratory relief, she never specifies the injunctive relief sought. Dkt. 17

¶¶ 17, 40(c), (k). Consequently, the court dismisses Himebaugh's claim for injunctive relief.

* * *

For the foregoing reasons, the court grants the college's motion to dismiss in part and denies it in part. Dkt. 21. The court dismisses Himebaugh's Title VII sex-discrimination claim, her FMLA claims, and her requests for punitive damages and injunctive relief. Himebaugh's claims under the ADA remain.

All claims dismissed are without prejudice.

Signed on Galveston Island this 3rd day of April, 2025.

_____
JEFFREY VINCENT BROWN
UNITED STATES DISTRICT JUDGE