**IN THE UNITED STATES DISTRICT COURT
OF THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION**

| | | |
|---|---|---|
| **TRICIA HIMEBAUGH,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **C.A. NO.: 3:24-CV-00197** |
| | § | |
| **GALVESTON COLLEGE,** | § | |
| | § | |
| *Defendant.* | § | |

## PLAINTIFF'S OPPOSED MOTION FOR RECONSIDERATION PURSUANT TO FED. R. CIV. P. 59(e), OR ALTERNATIVELY, PURSUANT TO FED. R. CIV. P. 60 (b) AND MOTION TO AMEND PLEADINGS

## **TABLE OF CONTENTS**

TABLE OF CONTENTS ........................................................................................ 2

TABLE OF AUTHORITIES .................................................................................. ..3

NATURE AND STAGE OF PROCEEDINGS .................................................... ....4

STATEMENT OF RELEVANT FACTS AS PLED BY PLAINTIFF ..............................................4

SUMMARY OF THE ARGUMENT .................................................................... 7, 13

ARGUMENT & AUTHORITIES ......................................................................... 8

PRAYER ............................................................................................................16

CERTIFICATE OF CONFERENCE........................................................................16

CERTIFICATE OF SERVICE ..............................................................................16

## TABLE OF AUTHORITIES

### FEDERAL CASES

*Hamilton v. Dallas County,* 49 F.4th 494, 497 (5th Cir. 2023) (en banc)…………………………………………………………………7, 8, 9, 10

*Harris v. Forklift Sys.,* 510 U.S. 17, 21 (1993)……………………….9, 10, 11

*Los Angeles Dept. of Water and Power v. Manhart,* 435 U.S.702, 707 n. 13 (1978)…………………………………………………………………………11

*Meritor Savings Bank, FSB v. Vinson,* 477 U.S. 57, 64 (1986)……………10

*Olivarez v. T-Mobile USA, Inc.,* 997 F.3rd 595, 600  (5th Cir. 2021)……….7, 8

*Swierkiewicz v.Sorena,* 534 U.S. 506 (2002)………………………………….7

### FEDERAL STATUTES AND REGULATIONS

Americans With Disabilities Act ("ADA")…………………………………...4

Family Medical Leave Act ("FMLA")………………………………….4, 6, 7

Title VII of the Civil Rights Act of 1964………………………………….9, 11

Fed. R. Civ. P. 59 (e) and 60(b)…………………………………………..4

TO THE HONORABLE JUDGE OF SAID COURT:

## **NATURE AND STAGE OF PROCEEDINGS**

Plaintiff Tricia Himebaugh files this, her Motion For Reconsideration pursuant to Fed. R. Civ. P. 59 (e), or alternatively pursuant to Fed. R. Cvil P. 60(b) of its dismissal (without prejudice) of her sex discrimination allegations. Plaintiff also moves the Court to amend her pleadings to assert a proposed Second Amended Complaint, attached hereto as "Exhibit A." In support of these motions, Plaintiff submits the following for the Court's consideration.

## **STATEMENT OF RELEVANT FACTS AS PLED BY PLAINTIFF**

## **PRELIMINARY STATEMENT**

Tricia Himebaugh ("Himebaugh") is an adult woman who lives in Galveston County, Texas.   She originally sued Galveston College Foundation d/b/a Galveston College ("the College") for employment discrimination based on sex, the Americans With Disabilities Act ("ADA"), and retaliation for invoking her rights under the Family Medical Leave Act ("FMLA").

Himebaugh has alleged that her employer, the College, unlawfully discriminated against her by subjecting her to disparate treatment based

upon her sex.  The College's disparate treatment of Himebaugh, and its other women employees, was manifested by treating her in a dismissive manner as opposed to how male employees were treated, providing male employees with stipends, that is financial compensation, for using their laptops and cell phones at work while denying those benefits to Himebaugh and other women employees.[1]

The College's sexual discrimination of Himebaugh and other women employees was also demonstrated by its hiring of a female comedienne who made lewd and discriminatory jokes about women at an annual Christmas holiday party.

Simply put, the College's actions as set out in Himebaugh's Amended Complaint, and as pled in her proposed Second Amended Complaint, demonstrate that she was subjected to a hostile work environment based on her sex: she was belittled due to her sex; received inferior employment conditions due to her sex (failing to provide stipends for her private laptop and cell phone usage) for four of the five years of her employment, and her

---

1. The Court correctly noted that Himebaugh's Amended Complaint stated that "male employers were given such stipends." That statement was an inadvertent typographical error and should have read: 'male employees were given such stipends." With this response, Plaintiff is filing a Motion To Amend her complaint and will, with the Court's permission, correct this inadvertent typographical error.

employer's discriminatory ethos toward women was directly demonstrated by its implicit approval of jokes belittling women at an annual Christmas holiday party.

Himebaugh was hired by the College as a Digital Supervisor and Web Service Manager in 2018. In 2023, she experienced serious health conditions as defined by the Family and Medical Leave Act ("FMLA") including hypertension and anxiety attacks that required ongoing treatment by her physician and rendered her unable to perform her job duties without harming her health. It is undisputed that she notified the College that she needed time off work which she was provided under the FMLA.

As set out in her Amended Complaint, the College failed to provide Himebaugh with reasonable accommodations after her FMLA leave that would have enabled her to continue her employment with it.

The College has not denied any of Himebaugh's factual allegations. Instead, it chose to test the sufficiency of Plaintiff's pleadings by filing two separate Motions To Dismiss.

On or about November 22, 2024, Galveston College filed a Motion To Dismiss Plaintiff's First Amended Complaint. (Document 21) ("the motion").

On about April 3, 2025, the Court granted part of the College's motion and dismissed Himebaugh's Title VII- sex discrimination claim, her FMLA claims and her claims for punitive damages and injunctive relief.

The Court ruled that Himebaugh failed "to allege that the college treats women in a discriminatory fashion. The Court stated that "to state a claim for disparate treatment under Title VII, a plaintiff must allege "(1) an adverse employment action, (2) taken against the plaintiff *because of* her protected status" and cited two cases in support of its ruling: *Swierkiewicz v.Sorena,* 534 U.S. 506 (2002) which rejects a heightened pleading standard in evaluating a claim for employment discrimination.

This  Court also held that "To state a claim for disparate treatment under Title VII, a plaintiff must allege "(1) an adverse employment action, (2) taken against a plaintiff *because of* her protected status." *Olivarez v. T-mobile USA, Inc.,* 997 F.3rd 595, 599-600 (5th Cir. 2021).

## <u>SUMMARY OF THE ARGUMENT</u>

**1. Himebaugh moves the Court to reconsider and set aside its dismissal of her Title VII Sex Discrimination Claim because it adequately pled that she was discriminated against by Defendant regarding the "terms, conditions or privileges of employment" which constituted a Hostile Workplace Environment pursuant to *Hamilton v. Dallas County,* 49 F.4th 494, 497 (5th Cir. 2023) (en banc).**

## ARGUMENT AND AUTHORITIES

The Court's Order of April 3, 2025 ruled that:

"To state a claim. For disparate treatment under Title VII, a plaintiff must allege '(1) an adverse employment action, (2) taken against a plaintiff *because of* her protected status. *Olivarez v. T-mobile USA, Inc.,* 997 F.3rd 595, 600  (5th Cir. 2021). See Page 7, ¶1 of Court's Order.

The Fifth Circuit's ruling in *Hamilton* fundamentally altered its

previous precedent that this Court relied upon in ruling that Plaintiff had not

plausibly pled a Title VII violation for employment discrimination.

Himebaugh's First Amended Complaint (Document 17) pled the

following facts:

- "Plaintiff and other female employees were not given stipends for using their own laptops and cell phones for work but male employees were given such stipends." First Amended Complaint, (Document 20), Page 4, ¶11.

- "Defendant's Director of Marketing and Communication, Edgar Chrnko, has shown and tolerated sex discrimination since the day he started at Galveston College. At Defendant's employee holiday Party he allowed and disregarded discriminatory language and jokes." *Id,* Page 4, ¶ 12,

- "Defendant's Marketing Director Edgar Salas hired a comedian to. entertain at Defendant's Christmas party who made sexist jokes." *Id,* Page 4, ¶ 13.

- "…on January 26, 2023, the Employer (the College) asked Plaintiff. to attend the Legislative Reception for Community College Day, While at the reception, Dr. Myles Shelton, the President of Galveston College was making introductions to the President of another college and others at a dining table. He introduced (a) Edgar Salas as the 'Marketing Director' and (b) Plaintiff *verbatim* in a belittling manner as 'Trish with a fancy title.' " *Id,* Pages 3-4, ¶10.

- "In May of 2022, Plaintiff had applied for a vacant Director's position but Defendant (the College) denied her the opportunity to be interviewed or considered for the position." *Id.* Page 3, ¶10.

**A.  Plaintiff's allegations of fact, as stated above, and reasonable inferences from those facts, state a violation of Title VII show she was discriminated against by the College due to her sex regarding the "terms, conditions, or privileges of employment."**

The Fifth Circuit's holding in *Hamilton,* supra 49 F.4[th] at 508, no longer requires that Plaintiff plead "an adverse employment action" to state a plausible violation(s) of Title VII.  Rather, as this Honorable Court pointed out in its Memorandum and Order of April 4, 2025 citing *Harris v. Forklift Sys.,* 510 U.S. 17, 21 (1993) as authority that "only severe or pervasive" will support the *Hamilton* case's "expanding adverse employment actions to include non-ultimate actions." Court's Memorandum Opinion and Order, P. 7, ¶ 2.

Plaintiff respectfully asserts that the Court's assessment of the more expansive standard adopted by the Fifth Circuit in *Hamilton* is unduly restrictive.

9

This Court's construction of *Harris*, supra, a 1993 Supreme Court decision as delimiting the more relaxed *Hamilton* standard is inconsistent with the text of the Fifth Circuit's holding which, in pertinent part, states:

> "To adequately plead an adverse employment action, Plaintiffs. need not allege discrimination with respect to an 'ultimate employment decision.' Instead, a plaintiff ***"need only show that she was discriminated against because of <u>a protected. characteristic,</u> with respect to hiring, firing, <u>compensation</u> or the <u>'terms, conditions, or privileges of employment'</u>*** just as the statute says. *Hamilton* at 508.

Moreover, Plaintiff respectfully contends that the *Harris* case itself, read in its entirety demonstrates, is consistent with the facts pled in her Amended Complaint as set out above. Teresa Harris was a manager for forklift firm and was subjected to verbal abuse. Interestingly, the Court's opinion in *Harris* states that actionable discriminatory conduct "is not limited to 'economic' or 'tangible' discrimination. The phrase "terms, conditions or privileges of employment' evinces a congressional intent 'to strike *at the entire spectrum of disparate treatment of men and women in employment,' which requires people to work in a discriminatorily hostile or abusive atmosphere.* [Emphasis added.]

*Meritor Savings Bank, FSB v. Vinson,* 477 U.S. 57, 64 (1986)quoting *Los*

*Angeles Dept. of Water and Power v. Manhart,* 435 U.S.702, 707 n. 13 (1978) (some internal quotation marks omitted.)

The Harris Court took "a middle path between making actionable any conduct that is merely offensive and requiring the conduct to cause a tangible psychological injury. Conduct that is not severe or pervasive enough to create an objectively hostile or abusive work environment – an environment that ***a reasonable person would find hostile or abusive – is beyond Title VII's purview."*** **[Emphasis added.]** *Harris* at 65, supra.

**B. Reasonable inferences from facts pled in Plaintiff's Amended Complaint, construed in the light most favorable to her, present a plausible violation of Title VII Sex Discrimination of her "terms, conditions, [or] privileges of employment.**

**1.The College discriminated against Plaintiff and other women by providing male employees a "stipend" for personal use of their cell phones and laptop computers but denying women the same employment benefit.**

As noted above, Plaintiff clearly stated that the College's male employees were favored with a meaningful financial benefit from which female employees, including Plaintiff herself, were excluded. Male employees were given a "stipend" for using their personal cell phones and laptops at work.

11

Plaintiff has plainly pled that she was hired by the College as a Digital Communication and Web Service Manager. [Document 17, Plaintiff's First Amended Complaint, Page 3, ¶10.].

As a Matter of Law, Plaintiff's pleading, and reasonable inferences from it, must be viewed in the light most favorable to her. Here, It is certainly Plaintiff, because of her status as a female employee, was compelled to pay for and use her own critical tools for performing her job at work particularly during the pandemic shutdown, i.e. her cell phone and lap top. It is reasonable to infer that Plaintiff's workday rested upon her paying for her own work equipment. But, as she plainly pled, male employees received a "stipend"[2] So, as plainly pled in her complaint, Plaintiff and all other women employees at the College were discriminated against in an integral component of her compensation. She and other women employees paid for their  own cell phone and laptop usage while men were afforded a "stipend" to offset their financial expense.

---

[2] Merriam-Webster's online dictionary defines stipend as "a fixed some of money paid periodically for services to defray expenses." See definition at www.merriam-webster.com

**2.      Plaintiff experienced a Hostile Work Environment as evidenced by the College's decision to sponsor an employee Christmas Party where women were subjected to "sexist jokes." A reasonable inference from the employer's sponsoring and paying for sexually offensive jokes is that demeaning women was an acceptable "condition of employment."**

"As the EEOC's recent harassment guidance explains, hostile environments based on any trait covered by federal anti-discrimination law are illegal, and the EEOC will remain steadfast in enforcing those protections." EEOC GC Karla Gilbride, 9/5/24. https://www.eeoc.gov/newsroom/eeoc-sues-three-employers-workplace-harassment

This constitutes wrongful employment discrimination with respect to the terms, conditions, and/or privileges of her employment with Defendant. Specifically, Title VII, §703 (a), known as the anti-discrimination provision is not limited to ultimate employment decisions. Rather, Defendant subjected Plaintiff to disparate treatment with regard to the *terms, conditions, and/or privileges of her employment* including but not limited to the following facts:

- Requiring Plaintiff to pay for the cost of equipment essential to performing the tasks of her employment for more than four years of her employment with Defendant. Plaintiff, a woman, and other women, were not paid a stipend for use of their cell phones and laptop and/or desktop computers, Equivalent male employees were paid a stipend. Plaintiff states upon Information and Belief that by failing to treat her equally to this "term" and "condition" of employment she suffered financially in the approximate amount of $4,500.00 (Four Thousand Five Hundred Dollars) per annum for a period of approximately four years and thus sustained financial damages in an approximate minimum amount of $18,000.00 before the College began paying her a stipend effective September of 2022.

- By introductions of her by a College administrator as a Jehovah's Witness which discriminated and called undue attention to her causing apprehension and anxiety because of her personal decision, faith and belief in her religion which she cherished and honored.

- By sponsoring a professional comedienne at the College's holiday party who openly ridiculed, with prior approval of the College's

administrators, of Plaintiff's traditional family values lifestyle and made crude, demeaning and sexually discriminatory jokes – later the concern of Plaintiff and other women employees of the College, were the subject of ridicule connoting that Plaintiff's personal beliefs and practices were somehow out-of-step with the College's workplace culture and environment.

- By a managerial employee, as set out above, castigating Plaintiff as a Jehovah's Witness noting that she did not celebrate Christmas and didn't fit in the College's workplace environment by abiding by her religious beliefs and not attending the 2022 Christmas party.

- By demeaning Plaintiff's competence and achievements as the College's successful Web Services Manager by introducing her "as Trish with a fancy title" to other college presidents. In contrast, the College's President affirmed the value of Edgar Salas, a male employee, by respectfully introducing him by his correct job description.

## **PRAYER**

For the above reasons, Plaintiff moves that the court reconsider and withdraw its order granting Defendant's motions to dismiss and grant this motion for leave to file the attached Second Amended Complaint..

Respectfully submitting this 1st day of May, 2025.


**FINIS COWAN**

**ATTORNEY AT LAW**

BY: /$/ Finis Cowan
SBOT 04912100
One Greenway Plaza
Suite 100
Houston, Texas 77046
PH:    832. 341 4599
Fax:    713 561 3692
Email: Finis@finiscowan.com
E-Service: Service@TexasDebtDefense.com


## CERTIFICATE OF CONFERENCE

I certify that on April 30, 2025, I called opposing Attorney-in-Charge, Clay Grover who was unavailable. I also  spoke to counsel Amy Demmler and she confirmed that Defendant opposes the Motion to Reconsider.

*/s/ Finis Cowan*


## CERTIFICATE OF SERVICE

I certify that on May 1, 2025, I served the following defense counsel by their email addresses listed via PACER or email.

Clay T Grover                              cgrover@rmgllp.com

Amy Dawn Demmler                          ademmler@rmgllp.com

Andrew Joseph Fitzgerald, III             afitzgerald@rmgllp.com

Emma McFarland Ellefsen                   ellefsen@rmgllp.com