United States District Court
Southern District of Texas
**ENTERED**
July 14, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| TRICIA HIMEBAUGH, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | 3:24-cv-197 |
| | § | |
| GALVESTON COLLEGE, | § | |
| | § | |
| Defendants. | § | |

## <u>ORDER</u>

Before the court is Tricia Himebaugh's motion for reconsideration and for leave to amend. Dkt. 24. Both motions are denied.

## I.    Motion for Reconsideration

The court declines to exercise its discretion under Rule 54(b) to "reconsider and reverse" its memorandum opinion and order granting in part and denying in part Galveston College's motion to dismiss. Dkt. 23; *Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 336–37 (5th Cir. 2017) (citation omitted). The court properly applied *Hamilton v. Dallas Cnty.*, 79 F.4th 494, 506 (5th Cir. 2023), by finding Himebaugh did not allege an environment in which "severe or pervasive" behavior altered the "terms, conditions, or privileges" of her employment. Dkt. 23 at 7–8 (quoting *Hamilton*, 79 F.4th at 402–03, then *Harris v. Forklift Sys.*, 510 U.S. 17, 21 (1993)). Instead, the

court found the allegations to be only discourteous, isolated incidents. Dkt. 23 at 7–8. This follows the "middle path" of *Harris* whereby "[c]onduct that is not severe or pervasive enough to create an objectively hostile or abusive work environment—an environment that a reasonable person would find hostile or abusive—is beyond Title VII's purview." Dkt. 24 at 11 (quoting *Harris*, 510 U.S. at 21).

Accordingly, Himebaugh's motion for reconsideration is denied. *Id.*

## II.    Motion for Leave to Amend

Although the court should freely grant leave to amend, it can exercise its discretion to deny leave when it has "substantial reason" to do so. *Marucci Sports, LLC v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014). Undue delay or futility can provide that substantial reason. *Weyerhaeuser Co. v. Burlington Ins. Co.*, 74 F.4th 275, 288 (5th Cir. 2023). The court reviews a proposed amended complaint for futility under "the same standard of legal sufficiency as applies under rule 12(b)(6)." *Marucci Sports, LLC*, 751 F.3d at 378; *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (requiring pleading sufficient to "state a claim to relief that is plausible on its face" to survive a 12(b)(6) challenge). Because allowing the amendment would create

undue delay and prove futile, the motion for leave to amend is denied. Dkt. 24.

Amendment would create undue delay. In September 2024, the college moved to dismiss Himebaugh's complaint, to which Himebaugh responded that she "stands on her live pleadings." Dkts. 8, 16. Despite this representation, Himebaugh amended anyway, but only to correct a party name. Dkts. 16, 17. When the college then moved to dismiss the amended complaint, Dkt. 21, Himebaugh did not respond. Only in May 2025—after the court granted the college's motion to dismiss in part—did Himebaugh seek to cure deficiencies of which she had been on notice since September 2024. Dkt. 24. Himebaugh should have cured her deficiencies promptly instead of waiting seven months to do so.

Additionally, for the first time Himebaugh now adds facts related to religious discrimination. Dkt. 24-1 ¶¶ 14–17, 36. The first amended complaint mentioned religious discrimination but alleged no facts in support. Dkt. 17 ¶ 8. Despite being on notice of the deficiency, Dkts. 8 at 8 n.2; 21 at 8 n.1, Himebaugh did not amend. *See Matter of Southmark Corp.*, 88 F.3d 311, 316 (5th Cir. 1996) (approving denial when "the facts underlying the amended complaint were known to the party when the original complaint was filed"). Now is too late.

Amendment would also prove futile because Himebaugh fails to allege the college discriminated against her because of her sex and religion. Dkt. 24-1 ¶ 10. Beginning with sex discrimination. First, Himebaugh's stipend allegation does not include facts that the stipend discrepancy occurred "because of her protected status"—here, sex. Dkt. 24-1 ¶¶ 13, 36; *see Olivarez v. T-mobile USA, Inc.*, 997 F.3d 595, 600 (5th Cir. 2021) (requiring allegations of "(1) an adverse employment action, (2) taken against [her] because of her protected status"). Himebaugh now alleges "[e]quivalent male employees" receive stipends not given to females, but the allegation lacks the specificity required to show a similarly situated comparator. Dkt. 24-1 ¶ 36; *Body by Cook, Inc. v. State Farm Mut. Auto. Ins.*, 869 F.3d 381, 387 (5th Cir. 2017) (recognizing that generalized allegations do not establish similarly situated comparator but allegations of specific factual scenario do); *Olivarez*, 997 F.3d at 600 (failing to allege details like "a similar job and supervisor" insufficient to show similarly situated). Although at the motion-to-dismiss stage Himebaugh "need only plausibly allege facts going to the ultimate elements of the claim," facts are still required. *Cicalese v. Univ. of Tex. Med. Branch*, 924 F.3d 762, 768 (5th Cir. 2019).

Second, Himebaugh's proposed amendment does not cure the court's finding that the alleged discourteous, isolated incidents were neither severe

nor pervasive. Dkt. 23 at 7–8 (citing *Indest v. Freeman Decorating, Inc.*, 164 F.3d 258, 264 (5th Cir. 1999)). Indeed, in the instance of the Christmas-party comic, Himebaugh's proposed amendment now diminishes her already insufficient claim—Himebaugh now admits she was not at the party, that the jokes did not target women in general, but "women with traditional values," and that "shame" and "embarrassment" occurred because the comic joked about "traditional family values," not women in general. Dkt. 24-1 ¶ 17. Moreover, Himebaugh's allegation of her supervisor's "leering" behavior was known to her at the time of her complaint and should have been included then. *Matter of Southmark Corp.*, 88 F.3d at 315. And although a comic's jokes at a single event and a supervisor's occasional leering might be inappropriate for the workplace, they do not rise to Title VII violations. Dkt. 24-1 ¶¶ 17–19, 24; *Indest*, 164 F.3d at 264 (patterns of extensive, long-lasting, unredressed, and uninhibited sexual threats or conduct sufficient to create a hostile work environment). In sum, Himebaugh's proposed amendment would be futile as to her sex-discrimination claim.

Himebaugh's proposed religious-discrimination claim would similarly prove futile. Dkt. 24-1, 23–24. Himebaugh must plead that "(1) she held a bona fide religious belief, (2) her belief conflicted with a requirement of her employment, (3) her employer was informed of her belief, and (4) she

suffered an adverse employment action for failing to comply with the conflicting employment requirement." *Carter v. Loc. 556, Transp. Workers Union of Am.*, 138 F.4th 164, 184 (5th Cir. 2025) (citation omitted). The proposed amended complaint fails to plead any requirements conflicting with Himebaugh's religious beliefs or any adverse employment action. *See id.* Therefore, Himebaugh's religious-discrimination claim under Title VII would fail and is therefore futile.

Accordingly, Himebaugh's motion for leave to amend is denied. Dkt. 24.

Signed on Galveston Island this 14th day of July, 2024.

_____
JEFFREY VINCENT BROWN
UNITED STATES DISTRICT JUDGE