United States District Court
Southern District of Texas
ENTERED
August 18, 2026
Nathan Ochsner, Clerk

# In the United States District Court for the Southern District of Texas

GALVESTON DIVISION

No. 3:24-cv-197

TRICIA HIMEBAUGH, *PLAINTIFF*,

v.

GALVESTON COLLEGE, *DEFENDANT*.

## MEMORANDUM OPINION AND ORDER

JEFFREY VINCENT BROWN, *UNITED STATES DISTRICT JUDGE*:

This is an employment dispute regarding a failure-to-accommodate claim under the Americans with Disabilities Act ("ADA"). Dkt. 1. The defendant, Galveston College, has moved for summary judgment. Dkt. 32. The court will grant the motion.

## I. Factual and Procedural Background[1]

Tricia Himebaugh worked at Galveston College for five years, serving as the Digital Communications & Web Services Manager from June 2022

[1] The parties are familiar with the facts of the case and with its journey through this court. Therefore, the court recounts only the facts and procedural history necessary to resolve the pending motion for summary judgment. Dkt. 32. For a complete factual recount, see Dkt. 23.

through July 2023. Dkt. 17 ¶¶ 10, 21. Himebaugh developed hypertension and other stress-related conditions that forced her to take 13 weeks of leave under the Family and Medical Leave Act ("FMLA"). *Id.* ¶¶ 18, 33. At the end of her leave, Himebaugh requested a work-from-home accommodation to avoid stress. *Id.* ¶ 19. She and Galveston College, however, could not agree on a reasonable accommodation. *Id.* ¶ 21.

After filing a complaint with the Equal Employment Opportunity Commission ("EEOC"), Himebaugh received a right-to-sue letter. Dkts. 17 ¶¶ 8–14; 21 at 8. Himebaugh then filed this lawsuit, asserting claims under Title VII, the ADA, and the FMLA. Dkts. 17 ¶¶ 8–14; 21 at 8. The court dismissed Himebaugh's Title VII sex-discrimination claim, FMLA claims, and requests for punitive damages and injunctive relief. Dkt. 23 at 15. Himebaugh's claim under the ADA remained. *Id.* Galveston College now moves for summary judgment on the remaining ADA claim. Dkt. 32. For the reasons below, the court grants the motion.

## II. Legal Standard

Summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The court must view the evidence in the light most favorable to the nonmovant. *Coleman v. Hou. Indep. Sch. Dist.*, 113 F.3d 528, 533 (5th Cir. 1997). For each cause of action moved on, the movant must set

forth those elements for which it contends no genuine dispute of material fact exists. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the nonmovant to offer specific facts showing a genuine dispute for trial. *See* Fed. R. Civ. P. 56(c); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986). "A dispute about a material fact is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Bodenheimer v. PPG Indus., Inc.*, 5 F.3d 955, 956 (5th Cir. 1993) (citation omitted).

The court "may not make credibility determinations or weigh the evidence" in ruling on a summary-judgment motion. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). But when "a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact," the court may "consider the fact undisputed for purposes of the motion." Fed. R. Civ. P. 56(e)(2). The court may grant summary judgment on any ground supported by the record, even if the ground is not raised by the movant. *United States v. Hou. Pipeline Co.*, 37 F.3d 224, 227 (5th Cir. 1994).

## III. Analysis

Galveston College argues they are entitled to summary judgment because Himebaugh is not a "qualified individual" within the meaning of the

ADA, and failed to engage in the "interactive process" required to reach a reasonable accommodation. Dkt. 32 at 8. In response, Himebaugh argues that her essential job functions could be performed online and remotely, and disputes her failure to engage in the interactive process required. Dkt. 35 at 9–10. The court will address each argument in turn.

**A. Failure-to-Accommodate Claim**

"Under the ADA, it is unlawful for an employer to fail to accommodate the known limitations of an employee's disability." *Griffin v. United Parcel Serv., Inc.*, 661 F.3d 216, 224 (5th Cir. 2011). A prima facie claim for a failure to accommodate requires that the plaintiff be "(1) a qualified individual with a disability; (2) the disability and its consequential limitations were known by the covered employer; and (3) the employer failed to make reasonable accommodations for such known limitations." *Feist v. La. Dep't of Just.*, 730 F.3d 450, 452 (5th Cir. 2013).

There is no dispute that Himebaugh has a disability and that Galveston College knew of her disability. Dkt. 32 at 11–12. At issue, however, is whether Himebaugh is a qualified individual within the meaning of the ADA. If she is not, the court's inquiry ends. If she is, the court must determine whether Galveston College failed to make a reasonable accommodation for her disability. *See Credeur v. La. Through Off. Of Att'y Gen.*, 860 F.3d 785, 792 (5th Cir. 2017).

To avoid summary judgment on the qualified-individual issue, Himebaugh must present evidence that she was able to "perform the essential functions" of a Digital Communications & Web Services Manager "with or without reasonable accommodation." 42 U.S.C. § 12111(8). Essential functions are those functions that are "fundamental to the job at issue." *Kapche v. City of San Antonio*, 176 F.3d 840, 843 (5th Cir. 1999) (quotations omitted). The ADA provides that the employer's own judgment regarding which functions are essential is to be given great weight. *See* 42 U.S.C. § 12111(8) ("[C]onsideration shall be given to the employer's judgment as to what functions of a job are essential, and if an employer has prepared a written description before advertising or interviewing applications for the job, this description shall be considered evidence of the essential functions of the job."). Importantly, the ADA "does not require an employer to relieve an employee of any essential functions of . . . her job, modify those duties, reassign existing employees to perform those jobs, or hire new employees to do so." *Thompson v. Microsoft Corp.*, 2 F.4th 460, 467 (5th Cir. 2021) (quotations omitted).

Galveston College's job description of the Digital Communications & Web Services Manager includes, in part, "the kind of teamwork, supervision, and personal interaction that cannot be had in a home office situation; therefore, regular and predictable on-site attendance is a job requirement." Dkt 32-13 at 2,

5. The consensus among courts is that "regular work-site attendance is an essential function of most jobs." *Credeur*, 860 F.3d at 793. An employee who does not come to work cannot perform her job functions, especially when the position is "interactive and involves a significant degree of teamwork." *Id.* Therefore, the court concludes that "regular and predictable on-site attendance" is an essential function of the Digital Communications & Web Services Manager role.

Galveston College argues that Himebaugh is not a qualified individual under the ADA because she could not perform the essential functions of her job, as the only accommodation she was willing to accept was to work completely remotely. Dkt. 32 at 22–23. Himebaugh responds that "virtually all of [the role's] essential job functions . . . were able to be performed online and remotely." Dkt. 35 at 9, 12. In support, Himebaugh relies on her prior and subsequent experience of doing similar work. *Id.* "An employee's unsupported testimony that she could perform her job functions from home" does not create a genuine issue of material fact. *Credeur*, 860 F.3d at 793. All in all, if the only successful accommodation would be for Himebaugh to not perform an essential function of the Digital Communications & Web Services Manager role, the court cannot otherwise conclude that Himebaugh can perform her job.

Accordingly, summary judgment is appropriate on Himebaugh's failure-to-accommodate claim because there is no genuine issue of material fact

as to whether she was a qualified individual. Because the plaintiff is unqualified, the court's inquiry is done. *See Weber v. BNSF Ry. Co.*, 989 F.3d 320, 323 (5th Cir. 2021) ("We only address the first element because it is a threshold determination. If [the plaintiff] is not a qualified individual, our inquiry ends.").

* * *

For the foregoing reasons, the court grants Galveston College's motion for summary judgment. Dkt. 32. The court will enter a final judgment separately.

Signed on Galveston Island this 18th day of August, 2026.

Jeff Brown

JEFFREY VINCENT BROWN
UNITED STATES DISTRICT JUDGE